1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT SEATTLE
10

KELLY WETTON,                              )
11                                         )
          Petitioner,                      )       CASE NO. C05-1640-JCC-JPD
12                                         )
          v.                               )
13                                         )
JOSEPH LEHMAN,                             )       REPORT AND RECOMMENDATION
14                                         )
          Respondent.                      )
15 _____ )

16              INTRODUCTION AND SUMMARY CONCLUSION

17          Petitioner is currently in community custody under the supervision of the Washington

18 Department of Corrections.  He has filed a petition under 28 U.S.C. § 2254 seeking relief from his

19 2000 King County Superior Court judgment and sentence.  Respondent has filed an answer to the

20 petition in which he argues that the petition is untimely under 28 U.S.C. § 2244(d).  Respondent

21 also argues that two of petitioner's three claims are unexhausted and procedurally barred.

22 Petitioner has filed a traverse in which he argues that his petition is timely, and that he is entitled

23 to relief with respect to one of his three grounds for federal habeas relief.  Petitioner expressly

24 withdraws the two grounds for relief which respondent argues are unexhausted.  Petitioner has

25 also filed a motion for oral argument on the timeliness question.  Respondent opposes that motion.

26

REPORT AND RECOMMENDATION
PAGE - 1

The Court, having reviewed petitioner's petition, the briefing of the parties with respect to the petition and the pending motion for oral argument, and the portions of the state court record submitted by respondent, concludes that petitioner's federal habeas petition should be dismissed, with prejudice, as untimely under 28 U.S.C. § 2244(d).

PROCEDURAL HISTORY

On August 15, 2000, petitioner was found guilty, following a jury trial, on two counts of vehicular homicide and one count of VUCSA, possession of cocaine. (Dkt. No. 9, Ex. 1 at 1.) On October 6, 2000, petitioner was sentenced to a term of 60 months confinement, and to a term of community placement. (*Id.*, Ex. 1 at 3.) Following his sentencing, petitioner filed a direct appeal in the Court of Appeals of Washington. (*See id.*, Ex. 5.) On April 1, 2002, the Court of Appeals issued an unpublished opinion affirming petitioner's convictions. (*Id.*, Ex. 4.)

Petitioner thereafter filed a motion in the Court of Appeals seeking reconsideration of its ruling affirming his conviction. (*Id.*, Ex. 7.) That motion was denied on May 2, 2002. (*Id.*, Ex. 8.) Petitioner next filed a petition for review in the Supreme Court of Washington. (*Id.*, Ex. 9.) The Supreme Court denied review without comment on December 3, 2002. (*Id.*, Ex. 10.) The Court of Appeals issued its mandate terminating direct review on December 13, 2002. (*Id.*, Ex. 11.)

While his appeal was pending in the state courts, petitioner filed a motion for new trial in the King County Superior Court. (*See id.*, Ex. 3.) The Superior Court denied the motion for new trial and petitioner appealed that ruling to the Court of Appeals of Washington. (*See id.*, Exs. 3 and 12.) The State thereafter filed a motion on the merits to affirm the Superior Court's denial of petitioner's motion for new trial. (*Id.*, Ex. 15.) On September 24, 2003, the Court of Appeals Commissioner issued a ruling granting the State's motion on the merits to affirm. (*Id.*, Ex. 3.)

Petitioner filed a motion to modify the commissioner's ruling, but that motion was denied. (*Id.*, Exs. 16 and 17.) Petitioner next filed a petition for review in the Supreme Court of Washington. (*Id.*, Ex. 18.) On September 8, 2004, the Supreme Court issued an order denying

REPORT AND RECOMMENDATION
PAGE - 2

1   the petition for review without comment.  (Dkt. No. 9, Ex. 19.)  The Court of Appeals issued a

2   mandate terminating review on September 28, 2004.  (*Id.*, Ex. 20.)

3          On September 28, 2005, petitioner signed his federal habeas petition.  (Dkt. No. 1.)  The

4   petition was received by the Court for filing on the same date.  (*Id.*)

5                                    DISCUSSION

6          On April 24, 1996, the President signed into law the Antiterrorism and Effective Death

7   Penalty Act of 1996 (AEDPA) which worked substantial changes in the law of federal post-

8   conviction relief.  One of those changes was to adopt a one year statute of limitations for § 2254

9   actions.  *See* 28 U.S.C. § 2244(d)(1) (1996).  The one year limitations period starts to run from

10  the date of the conclusion of direct review or "the expiration of the time for seeking such [direct]

11  review," whichever is longer.  28 U.S.C. § 2244(d)(1)(A).

12         In this case, the period for direct review ended, at the latest, upon the expiration of the

13  period for filing a petition for writ of certiorari with the United States Supreme Court.  *See Bowen*

14  *v. Roe* 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The Supreme Court of Washington denied

15  petitioner's petition for discretionary review on December 3, 2002.  Petitioner had 90 days after

16  the entry of that ruling (as opposed to the issuance of the state mandate), or until approximately

17  March 3, 2003, to file a petition for a writ of certiorari in the United States Supreme Court.  *See*

18  Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States.  Because petitioner

19  did not file a petition for certiorari, his conviction became final on or about March 3, 2003.  28

20  U.S.C. § 2244(d)(1)(A).

21         Section 2244(d)(2) provides that "the time during which a properly filed application for

22  State post-conviction or collateral review with respect to the pertinent judgment or claim is

23  pending shall not be counted toward any period of limitation under this subsection."  In this case,

24  the time during which petitioner's motion for new trial was pending in the State courts does not

25  count toward the one year limitation period.  Because petitioner filed his motion for new trial

26  while his direct appeal was pending, the one year limitation period did not begin to run until the

REPORT AND RECOMMENDATION
PAGE - 3

proceedings related to petitioner's motion for new trial were concluded in the State courts.  At issue in this case is the date on which petitioner's post-conviction proceedings were concluded in the State courts.

Respondent argues that petitioner's post-conviction proceedings were concluded on September 8, 2004, the date the Supreme Court of Washington entered its order denying review of petitioner's appeal with respect to his motion for new trial, and that the statute of limitations began to run the following day.  Respondent thus argues that the statute of limitations expired on September 9, 2005.  Petitioner, in contrast, argues that his post-conviction proceedings remained pending until September 28, 2004, the date the Court of Appeals issued its mandate in those proceedings.  He thus argues that his federal habeas petition, which was filed on September 28, 2005, is timely.

The Ninth Circuit has held that it is the decision of the state appellate court, not issuance of the mandate, that signals the conclusion of review.  *See White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002)(citing *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001)).  Petitioner attempts to distinguish these cases from the case presented here.  Specifically, petitioner argues that *Wixom* is distinguishable because the Ninth Circuit there addressed the issue of when a Washington state conviction is final for purposes of 28 U.S.C. § 2244(d)(1), which is a different issue than the one presented here; *i.e.*, when a state post-conviction proceeding is deemed pending for purposes of § 2244(d)(2).  Petitioner also argues that *White* is distinguishable because it addresses the appellate procedures from the Territory of Guam and not the State of Washington.

Petitioner's assertion to the contrary, the Ninth Circuit's decisions in both *White* and *Wixom* dictate the result in this case.  In both cases, the Ninth Circuit recognized that the issuance of a mandate is a ministerial act and is not an event which marks the conclusion of review.  While the ultimate issue resolved by the Ninth Circuit in *Wixom* was the issue of when a conviction becomes final for purposes of § 2244(d)(1)(A), the Court's discussion of the import of the mandate

REPORT AND RECOMMENDATION
PAGE - 4

1  in state post-conviction proceedings is still relevant to the issue of when a state post-conviction is

2  deemed pending for purposes of § 2244(d)(2).

3      And, in fact, the Ninth Circuit made this point clear when, in the *White* case, it relied on

4  *Wixom* to resolve the question of whether it was the decision of the appellate court, or the entry of

5  the mandate, which marks the conclusion of review for purposes of statutory tolling under

6  § 2244(d)(2).  While petitioner attempts to distinguish the *White* case on the grounds that it

7  addressed appellate procedures from the Territory of Guam, there is no indication in the opinion

8  that the Ninth Circuit's decision was based upon any unique aspect of Guam's territorial

9  procedures.

10     This Court concludes, based upon the Ninth Circuit's decisions in both *Wixom* and *White*,

11  that petitioner's state post-conviction proceedings remained pending only until the Supreme Court

12  of Washington issued its order denying review on September 8, 2004.  Petitioner therefore had

13  until September 8, 2005, to file his federal habeas petition.  Petitioner's federal habeas petition

14  was not filed until September 28, 2005.  Thus, petitioner's petition must be deemed untimely

15  unless he can establish that he is entitled to some other form of tolling.

16     The statute of limitations is subject to equitable tolling.  *Calderon v. United States District*

17  *Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997)*, overruled in part on other grounds by,*

18  *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(en banc).

19  However, the Ninth Circuit has made clear that "[e]quitable tolling will not be available in most

20  cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a

21  prisoner's control make it impossible to file a petition on time."  *Calderon*, 128 F.3d at 1288

22  (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)).  The Ninth Circuit

23  further explained in *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), that "when external

24  forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim,

25  equitable tolling of the statute of limitations may be appropriate."  Petitioner does not argue that

26  he is entitled to equitable tolling of the federal statute of limitations.

REPORT AND RECOMMENDATION
PAGE - 5

1      Because petitioner filed his petition outside of the § 2254 statute of limitations period, this

2  Court recommends that petitioner's federal habeas petition be dismissed, with prejudice, pursuant

3  to 28 U.S.C. § 2244(d).  This Court further recommends that petitioner's motion for oral

4  argument be denied as petitioner fails to establish that oral argument is necessary in order to

5  adequately resolve the procedural issues discussed above.  A proposed order accompanies this

6  Report and Recommendation.

7      DATED this 29th day of March, 2006.

8

9                                                    JAMES P. DONOHUE
                                                     United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 6