The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY WETTON,

    Petitioner,

  v.

JOSEPH LEHMAN,

    Respondent.

CASE NO. C05-1640C

ORDER

This matter has come before the Court on Petitioner's petition under 28 U.S.C. § 2254 seeking relief from his 2000 King County Superior Court judgment and sentence. This matter was referred to the Honorable James P. Donohue, United States Magistrate Judge, for a Report & Recommendation ("R&R"). The R&R was duly filed on March 26, 2006.

Judge Donohue found that Petitioner's request for relief was time barred and should be denied with prejudice, pursuant to 28 U.S.C. § 2244(d). Petitioner filed objections to the R&R.

When objections are filed, the Court must make a de novo determination of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1). In the present case, Petitioner argues that

ORDER - 1

1  *Carey v. Saffold*, 536 U.S. 214 (2002), and *Evans v. Chavis*, 126 S.Ct. 846 (2006), change the proper

2  relevant analysis and render Petitioner's filing of his petition timely.

3        The R&R explains that Petitioner's petition was untimely filed because Petitioner's "post-

4  conviction proceedings were concluded on September 8, 2004, the date the Supreme Court of Washington

5  entered its order denying review of petitioner's appeal with respect to his motion for new trial." (R&R 4.)

6  The R&R further explains that under the Antiterrorism and Effective Death Penalty Act of 1996

7  ("AEDPA"), which sets forth a one-year statute of limitations for § 2254 petitions, Petitioner had until

8  September 9, 2005, to timely file his federal habeas petition.  In so concluding, the R&R found that

9  Petitioner's post-conviction proceedings were properly considered "concluded" on the date of the

10  Washington Supreme Court's decision, rather than several weeks later when the mandate was issued.

11  (R&R 4 (citing *White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002).)

12        Petitioner argues that the correct inquiry in this case is not whether review had concluded, but

13  whether it should have been considered "pending" until issuance of the mandate.  However, this question

14  makes the distinction between "concluded" and "pending" unnecessarily complicated.  It is actually very

15  simple.  "Pending" is merely the opposite of "concluded."  *See Carey*, 536 U.S. at 219–20 (discussing

16  various ordinary definitions of "pending," including "not yet decided" and "until the completion of").

17  Thus, *Carey*'s holding that petitioners are entitled to "'one full round' of collateral review without the

18  interference of the federal statute of limitations" (Obj. 2) has no impact on the Ninth Circuit holding in

19  *Wixom v. Washington* that a mandate is not a decision terminating review.  It also has no impact on the

20  Ninth Circuit holding in *White* that it is the appellate court's decision, not the issuance of the mandate, that

21  marks the conclusion of review for purposes of statutory tolling under § 2244(d)(2).  *White*, 281 F.2d at

22  923 n.4.

ORDER - 2

1    Petitioner's attempt to distinguish *White* on the basis that it addresses the appellate procedures
2 from the Territory of Guam fails.  First, the Court notes that Petitioner's own authority, *Carey* and *Evans*,
3 discusses factual scenarios arising from the peculiarities of California's original writ system.  Second, as
4 the R&R observed, not only did *White* confirm *Wixom*'s recognition that a mandate is not a decisional
5 event, the relevant portion of *White* was not affected in any way by "any unique aspect of Guam's
6 territorial procedures."  (R&R 5.)

7    Finally, Petitioner's *Evans*-based argument that a federal court may only independently determine
8 whether a state court proceeding was "pending" in the absence of clear direction from the state court or a
9 clear indication that a particular request for appellate review was timely or untimely (Obj. 3) is applicable
10 only to California cases affected by California's unique original writ system and its use of "reasonable"
11 rather than specific time limits.  *See Evans*, 126 S. Ct. at 853.

12   For these reasons, the Court finds that the R&R correctly concluded that Petitioner's § 2254
13 petition was untimely filed.  The Court therefore ADOPTS the R&R and DISMISSES Petitioner's federal
14 habeas petition with prejudice, pursuant to 28 U.S.C. § 2244(d).  Petitioner's motion for oral argument is
15 DENIED.

16   SO ORDERED this 9th  day of May, 2006.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

ORDER - 3