UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY WETTON,

        Petitioner,

  v.

JOSEPH LEHMAN,

        Respondent.

CASE NO. C05-1640-JCC

ORDER

## I. INTRODUCTION

This matter has come before the Court on Petitioner's Motion for a Certificate of Appealability. (Dkt. No. 26.) The Court has considered the papers submitted by the parties and determined that oral argument is not necessary. For the following reasons, Petitioner's motion is hereby DENIED.

## II. BACKGROUND

In 2000, Petitioner was convicted on two counts of vehicular homicide. Petitioner is currently in community custody under the supervision of the Washington Department of Corrections. This Court dismissed Petitioner's motion for a writ of habeas corpus because it was filed after the statute of limitations had expired under 28 U.S.C. § 2244(d)(2). (Dkt. No. 24.) Petitioner now seeks a Certificate of Appealability (COA) pursuant to 28 U.S.C. § 2253. (Dkt. No. 26).

ORDER – 1

### III. ANALYSIS

For the Court to grant a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, and a reasonable jurist could not conclude that the district court erred in dismissing the petition, the court should not issue a COA. *See Slack*, 529 U.S. at 484.

Here, the Court dismissed Petitioner's habeas petition on procedural grounds related to the statute of limitations. The issue now before the Court is whether jurists of reason would find it debatable whether this court was correct in its procedural ruling.

This Court dismissed Petitioner's habeas petition because it was untimely filed pursuant to 28 U.S.C. § 2244(d)(2). (Dkt. No. 24.) Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner fell within the purview of § 2244(d)(2) because he filed his motion for a new trial in state court while his direct appeal in state court was still pending. (Dkt. No. 9, Ex. 3.) The one-year statute of limitations did not begin until the proceedings related to Petitioner's motion for a new trial concluded in state court. 28 U.S.C. § 2244(d)(2).

The issue before this Court was whether Petitioner's proceedings in state court concluded on September 8, 2004, the date the Supreme Court of Washington entered its order denying review of petitioner's appeal with respect to his motion for a new trial, or on September 28, 2004, the date the Washington Court of Appeals issued its mandate terminating review of his motion for a new trial. The

ORDER – 2

Ninth Circuit Court of Appeals has held that it is the "decision" of the state appellate court, not issuance of the "mandate," that signals the conclusion of review. *White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002) (citing *Wixom v. Washington*, 264 F.3d 894, 897–98 (9th Cir. 2001)).

Petitioner contends, however, that "federal appellate courts have made it clear that the federal courts must look to state law in order to determine the meaning of 'pending' [in Section 2244(d)(2)]." (Pet'r Mot. for Certificate of Appealability.) Petitioner cites *Evans v. Chavis*, 126 S. Ct. 846 (2006), for the proposition that federal courts can determine independently whether state court proceedings were "pending" only in the absence of clear direction from state courts. (Dkt. No. 23, Pet'r Objections.) But this Court rejected that argument because *Evans* is applicable "only to California cases affected by California's unique original writ system and its use of 'reasonable' rather than specific time limits." (Dkt. No. 24, Order (citing *Evans*, 126 S. Ct. at 853).) Indeed, the *Evans* Court concluded that the Ninth Circuit had misapplied the federal habeas statute "as applied to California's system" where there are "reasonable" rather than specific time limits. *Evans*, 126 S. Ct. at 849. Petitioner does not contend that Washington's system is analogous to California's system, does not cite any case besides *Evans* supporting his proposition, and does not dispute this Court's *Evans* analysis. No reasonable jurist could conclude that *Evans* applies outside the context of California's unique system for determining time limits, and therefore the Ninth Circuit's rulings in *White* and *Wixom* control this case.

Petitioner contends, however, that *Wixom* is inapplicable because it addresses the issue of finality under 28 U.S.C. § 2244(d)(1) not 28 U.S.C. § 2244(d)(2). (Dkt. No. 26, Pet'r Mot. for Certificate of Appealability.) Petitioner is correct that *Wixom*'s holding is limited to Section 2244(d)(1). *See White*, 281 F.3d at 924. But *White*'s conclusion — that the "decision" of the state appellate court, rather than the issuance of a "mandate," signals the beginning of the statute of limitations for purposes of Section 2244(d)(2) — still applies. *White*, 281 F.3d at 923 n.4. Under *White*, this Court concluded that the statute of limitations began when the Supreme Court of Washington issued its decision on September 8, 2004, not when the Washington Court of Appeals issued its mandate on September 28, 2004. Petitioner's

ORDER – 3

federal habeas petition was filed on September 28, 2005, more than one year after his case concluded in state court on September 8, 2004. No reasonable jurist would find *White*'s holding or its application to the facts of this case debatable, and therefore Petitioner's habeas petition was untimely filed.

Because Petitioner fails to show under *Slack* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling dismissing Petitioner's petition for a writ of habeas corpus, Petitioner's motion for a COA is hereby DENIED.

SO ORDERED this 14th day of July, 2006.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 4